**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Michael Brewer,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **Golden Rule Insurance Company** | § | **Civil Action No. 4:22-cv-00969** |
| **and Tobias & Associates, Inc. d/b/a** | § | |
| **getmehealthcare** | § | |
| ***Defendants.*** | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff Michael Brewer, and files this First Amended Complaint against Defendant Golden Rule Insurance Company ("Golden Rule") and Tobias & Associates, Inc. d/b/a getmehealthcare ("Tobias"), and for cause of action states as follows:

## I. SUMMARY OF THE DISPUTE

1. Plaintiff Michael Brewer was diagnosed with testicular cancer and began receiving treatment in November of 2021. His medical treatment was paid for pursuant to a medical insurance policy that Mr. Brewer had with Golden Rule Insurance Company.

2. The term of Mr. Brewer's medical insurance policy through Golden Rule Insurance Company was to expire in December of 2021. Mr. Brewer contacted Christopher Davis of Tobias & Associates, Inc., the healthcare agent that assisted him with procuring his previous policy, to renew his coverage. Mr. Brewer was specifically informed that his new policy would provide the same coverage. Shortly after his new policy went into effect, Mr. Brewer received a notice from Golden Rule Insurance Company stating that his cancer treatments would no longer be covered as Golden Rule had classified Mr. Brewer's cancer diagnosis as a "preexisting" condition.

3. Golden Rule denied coverage for Mr. Brewer's treatment despite the fact that such treatment was covered under his previous policy with the same company, despite the fact that Golden Rule was aware of the condition and treatment at the time of renewal, and despite the fact that Christopher Davis specifically informed Mr. Brewer that the renewed policy would provide the same coverage as the previous policy, prior to the submission of the relevant application. Mr. Brewer has made repeated attempts to resolve this matter, however, Golden Rule Insurance Company continues to deny coverage for Mr. Brewer's life-sustaining treatment.

## II. PARTIES

4. Plaintiff Michael Brewer is an individual residing in Harris County, Texas. Plaintiff may be served with process through his attorneys of record: The Cobos Law Firm, Andrew Cobos, 711 W. Alabama St., Houston, Texas 77006.

5. Defendant Golden Rule Insurance Company is a for profit corporation organized and/or existing under the laws of Indiana, and at all times material and relevant hereto was engaged in business in Harris County, Texas. Defendant Golden Rule may be served with process through its agent for service registered with the Texas Department of Insurance: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

6. Defendant Tobias & Associates, Inc. d/b/a getmehealthcare is a for profit corporation organized and/or existing under the laws of Florida, and at all times material and relevant hereto was engaged in business in Harris County, Texas. Defendant Tobias may be served with process through its registered agent: Michael Tobias, 123 NW 13th St., Ste. 101, Boca Raton, FL 33432.

## III. JURISDICTION & VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

8. This Court has personal jurisdiction over Defendant Golden Rule Insurance Company because Golden Rule has minimum contacts with the State of Texas as it regularly conducts business in the state. Furthermore, Plaintiff's injuries arise out of Defendant Golden Rule's purposefully directed activities in the State of Texas. As such, this Court has specific jurisdiction over Defendant Golden Rule Insurance Company.

9. This Court has personal jurisdiction over Defendant Tobias & Associates, Inc. d/b/a getmehealthcare because Defendant Tobias has minimum contacts with the State of Texas as it regularly conducts business in the state. Furthermore, Plaintiff's injuries arise out of Defendant Tobias' purposefully directed activities in the State of Texas. As such, this Court has specific jurisdiction over Defendant Tobias & Associates, Inc. d/b/a getmehealthcare.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

11. Plaintiff seeks monetary relief of over $250,000.00.

## IV. MISNOMER/ALTER EGO

12. In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## V. FACTS

13. Plaintiff Michael Brewer entered into an agreement with Defendant Golden Rule Insurance Company on June 10, 2021, which provided that Golden Rule would provide him with health insurance. Plaintiff's initial health insurance contract was brokered by Christopher Davis, who was an agent working for Defendant Tobias & Associates, Inc. The term of the contract was scheduled to expire in December 2021.

14. On July 1, 2021, Mr. Brewer attended a medical appointment with R. Robert Dirh, MD of HTX Urology to discuss a suspected UTI infection. Dr. Dirh prescribed Mr. Brewer anti-biotics to treat the suspected infection. However, Plaintiff's symptoms continued to worsen necessitating an operation to remove his testicle on October 21, 2021.

15. Shortly after the operation, on November 3, 2021, Mr. Brewer received a notification from Christopher Davis of Tobias & Associates, Inc. d/b/a getmehealthcare informing him that the term of his current medical insurance policy was approaching and soliciting a renewal of Mr. Brewers benefits.

On Wednesday, November 3, 2021, 9:14 PM, Chris Davis <cdavis@getmehealthcare.com> wrote:

Dear Client,

I wanted to reach out as your UnitedHealthcare medical insurance policy is coming to it's expiration/renewal date. In order to renew this coverage or explore alternative carrier options, please contact me directly via email or phone at 561-910-4194. If you would like to renew your current plan at the same level of coverage, I can resend the electronic signature via text or email. Please, do not hesitate to reach out if you have any questions.

Thank you in advance,

--
**Christopher Davis**
**Licensed Agent / Client Relations Specialist**

**P 561-910-4194**
**E cdavis@getmehealthcare.com**

16. On November 15, 2021, Mr. Brewer received news from Dr. Dihr that his symptoms were being caused by testicular cancer. Dr. Dihr recommended an in-network doctor to consult regarding the cancer diagnosis. Mr. Brewer followed up with this recommended doctor, however, due to extended wait times related to COVID-19, Mr. Brewer was not able to schedule an appointment until after the new year. Mr. Brewer looked around for alternative cancer specialists in the area and decided to consult with Matthew T. Campbell, MD, of MD Anderson Cancer Center.

17. Mr. Brewer attended his scheduled appointment with Dr. Campbell on December 1, 2021, where he was immediately admitted for in-patient treatment. Mr. Brewer was informed by Golden Rule Insurance Company that his treatment would be covered under Golden Rule Policy ID No. 096-422-291.

18. While admitted to MD Anderson Cancer Center, the expiration date of the Golden Rule Policy (ID No. 096-422-291) began to approach. To ensure that his life-sustaining treatment was continued, Mr. Brewer began the process of renewing his medical insurance policy. Mr. Brewer contacted Christopher Davis of Tobias & Associates, Inc. d/b/a getmehealthcare in December of 2021 to discuss the renewal of his insurance policy. During those discussions, Christopher Davis informed Mr. Brewer that a specific renewal option would allow Mr. Brewer to obtain a new policy with the same coverage he enjoyed under Golden Rule Policy ID No. 096-422-291. Mr. Brewer submitted his application, and Golden Rule Insurance Company issued Golden Rule Policy ID No. 096-540-158 to Mr. Brewer on December 12, 2021.

19. Mr. Brewer continued to receive cancer related treatment from Dr. Campbell after the December 12, 2021 policy renewal. Claims for medical benefits related to this treatment were submitted to Golden Rule Insurance Company on behalf of Mr. Brewer. On January 25, 2022, Mr.

Brewer received correspondence from Golden Rule Insurance Company stating that the expenses related to Mr. Brewer's cancer treatment would not be covered under Golden Rule Policy ID No. 096-540-158 as Golden Rule considered the condition(s) related to this treatment to be "preexisting as defined by your plan's coverage under ID Number 096-540-158, since they were incurred prior to the effective date of this plan."

> We have completed our review of your claim(s). Coverage under the Identification (ID) Number shown above was effective on December 12, 2021 and is paid to February 12, 2022.
>
> The plan you applied for and were issued is a Short Term medical plan. Short term policies do not provide coverage for preexisting conditions. Please refer to the preexisting conditions definition in your plan of insurance. Additionally, once a short term coverage period ends, any additional short term plan that is issued is a separate plan with a new preexisting conditions period. Multiple short term plans do not offer a continuation of coverage from one plan to the next.
>
> The plan further states in part:
>
> > "Illness" means in part a sickness, disease, disorder or abnormal condition of a covered person. All illnesses that exist at the same time and which are due to the same or related causes are deemed to be one illness. Further, if an illness is due to causes which are the same as, or related to, the causes of a prior illness, the illness will be deemed a continuation or recurrence of the prior illness and not a separate illness.
>
> We are attaching a list of claims we have received that were filed under your previous short term coverage with us (ID Number 096422291, which was effective on 06/10/21 and terminated on 12/11/21). The condition(s) related to these claims are considered preexisting as defined by your plan's coverage under ID Number 096-540-158 , since they
>
> Golden Rule Insurance Company
>
> were incurred prior to the effective date of this plan.
>
> Therefore, these expenses are not covered and we are unable to accept liability under this plan for any expense, including any related condition(s), indicated in the attached list(s). Please note that these expenses are being considered under your previous coverage ID Number (096422291) for any coverage available under that plan.

20. Golden Rule Insurance Company denied coverage for Mr. Brewer's treatment despite the fact that such treatment was covered under his previous policy: Golden Rule Policy ID No. 096-422-291, despite the fact that Golden Rule Insurance Company was aware of the condition and treatment at the time of renewal, and despite the fact that Christopher Davis specifically informed Mr. Brewer that Golden Rule Policy ID No. 096-540-158 would provide the same coverage as Golden Rule Policy ID No. 096-422-291 prior to the submission of the relevant application. Mr. Brewer has made repeated attempts to resolve this matter, however, Golden Rule Insurance Company continues to deny coverage for Mr. Brewer's life-sustaining treatment.

21. Christopher Davis of Tobias & Associates, Inc. d/b/a getmehealthcare's services were engaged for the purpose of clarifying such issues and assisting Mr. Brewer selecting and applying for a medical insurance policy through Golden Rule Insurance Company. Mr. Brewer was in fact advised and counseled that that Golden Rule Policy ID No. 096-540-158 would provide the same coverage as Golden Rule Policy ID No. 096-422-291. Christopher Davis' actions in soliciting and processing the sale of the insurance policy for Golden Rule Insurance Company establish an agency relationship whereby Christopher Davis and Tobias & Associates, Inc. d/b/a getmehealthcare were agents with apparent authority to act on behalf of Golden Rule Insurance Company. Christopher Davis and Tobias & Associates, Inc. d/b/a getmehealthcare, as agent of Golden Rule Insurance Company, misled Mr. Brewer into believing that he had obtained a renewal of his medical insurance, which would provide the same coverage as his previous policy, when in fact it did not.

## VI. CAUSES OF ACTION

### <u>COUNT 1 – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING</u>

22. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs above as though fully set forth herein.

23. An insurance company's liability for bad-faith—also known as a breach of the duty of good faith and fair dealing—arises from the contractual relationship between the insured and the insurer. *See Texas Mut. Ins. V. Ruttiger,* 381 S.W.3d 430, 446 (Tex.2012). Because the duty of good faith and fair dealing arises from, but is independent of, the insurance policy, causes of action for breach of contract and breach of the duty of good faith and fair dealing are separate and distinct actions. *See Union Bankers Ins. V. Shelton*, 889 S.W.2d 278, 283 (Tex.1994). To prove an action for bad faith, an insured must establish the insurer either (1) denied or delayed payment of the insured's claim when liability was reasonably clear or (2) cancelled a policy without a reasonable basis for doing so. *See State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex.1998).

24. Plaintiff Michael Brewer was the owner and beneficiary under an insurance contract sold by Defendant Golden Rule, which gave rise to a duty of good faith and fair dealing. Golden Rule and its employees/agents breached its duties by not honoring the policy when Golden Rule knew or should have known that there was no reasonable basis for denying the claim. Alternatively, Defendant Golden Rule breached its duties by not honoring the representations made by its agent, Christopher Davis of Tobias & Associates, Inc. d/b/a getmehealthcare during the application process. Specifically, Defendant Golden Rule failed to honor the representation that the renewal of Mr. Brewer's medical insurance would provide the same coverage as his previous policy.

25. Michael Brewer truthfully answered the questions asked in Defendant Golden Rule' life insurance application and timely paid all required premiums. Defendant Golden Rule knew, or should have known, that there was no reasonable basis for denying Plaintiff's claim.

26. The breach of duty by Defendant Golden Rule proximately caused injury to Plaintiff who is the intended beneficiary under the policy. For this breach, Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court from Defendant.

**COUNT 2 – BREACH OF CONTRACT / UNJUST ENRICHMENT**

27. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs above as though fully set forth herein.

28. Plaintiff Michael Brewer contracted for Golden Rule Policy ID No. 096-540-158 with Defendant Golden Rule. Defendant Golden Rule failed to perform its contract as agreed by unilaterally denying Plaintiffs' claims on the policy without reasonable justification despite Plaintiff's full and timely payment of the premiums. The actions of Defendant Golden Rule constitute a breach of contract, for which Plaintiff now seeks actual damages and attorney's fees.

**COUNT 3 – PROMISSORY ESTOPPEL**

29. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs above as though fully set forth herein.

30. Defendant Golden Rule, through the acts of its agent Christopher Davis of Tobias & Associates, Inc. d/b/a getmehealthcare, induced an honest belief in the mind of Plaintiff Michael Brewer that Golden Rule Policy ID No. 096-540-158 would provide the same coverage as his previous policy. The Mr. Brewer's previous policy covered his cancer treatments and all such claims were approved by Defendant Golden Rule. Therefore, Defendants waived the right to deny the policy on the basis that Mr. Brewer's condition for testicular cancer was "preexisting".

Defendant should not be allowed to now disclaim the condition when the oral representations of their agents directly conflict with the defenses that Defendant will now seek to assert.

31. Plaintiff reasonably and substantially relied on the previous acts of Defendants to his detriment. Plaintiff's reliance on these previous acts was foreseeable by Golden Rule, Tobias & Associates, Inc., and Christopher Davis. Injustice can be avoided only by enforcing Defendants' representations and contractual obligations.

32. Plaintiffs seeks unliquidated damages within the jurisdictional limits of this Court from Defendants.

**COUNT 4 – COMMON LAW FRAUD AND FRAUD BY NON-DISCLOSURE**

33. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs above as though fully set forth herein.

34. Defendant made material misrepresentations of fact to Plaintiff, namely, that Golden Rule Policy ID No. 096-540-158 would provide the same coverage as Plaintiff's previous policy. Those representations were false, and Defendant knew, or should have known, that such statements were false at the time such statements were made. Defendant made those misrepresentations with the intent that Plaintiffs act on it, and Plaintiffs did indeed act on such representations by timely paying premiums required by the contract, which Golden Rule processed and accepted. Defendant's representations caused injury to the Plaintiff, for which he now seeks to recover.

35. In conjunction with the above misrepresentations, Defendant concealed or failed to disclose to Plaintiffs certain material facts, namely, that the same coverage under the previous policy would not be effective under Golden Rule Policy ID No. 096-540-158. Defendant Golden Rule had a duty to disclose such facts at the time of the application process and during the periods for which Plaintiff paid premiums. By failing to disclose all the requirements necessary for valid

instatement of the policy, Defendant intended to induce the Plaintiff to pay premiums on an ineffective policy. Plaintiff relied on Defendant's statements and were injured as a result.

**<u>COUNT 5 - NEGLIGENT MISREPRESENTATION</u>**

36. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs above as though fully set forth herein.

37. Defendant's misrepresentations to Plaintiff occurred in the course of Defendant's business, during which Defendant supplied false information for the guidance of Plaintiff. Defendant Golden Rule did not exercise reasonable care when communicating the information, instead stating that Golden Rule Policy ID No. 096-540-158 would provide the same coverage as Plaintiff's previous policy. Plaintiff justifiably relied on Defendants' misrepresentations, which were the proximate cause of Plaintiffs' injuries.

**<u>COUNT 6 – VIOLATIONS OF TEX. INS. CODE §§ 541.051, 541.052, 541.060, 541.061, & 542.003</u>**

38. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs above as though fully set forth herein.

39. Defendants Golden Rule Insurance Company, Tobias & Associates, Inc., and Christopher Davis violated the following provisions of the Texas Insurance Code:

- § 541.051. MISREPRESENTATION CONCERNING POLICY
  - By making, issuing, or circulating an estimate or statement misrepresenting the insurance policy issued to Plaintiff; and
- § 541.052. FALSE INFORMATION AND ADVERTISING
  - by making statement to Mr. Brewer containing an untrue, deceptive, or misleading representation regarding the business of insurance, generally, and Golden Rule Policy ID No. 096-540-158, specifically;
- § 541.060. UNFAIR SETTLEMENT PRACTICES
  - By misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue, namely, stating that Golden Rule Policy

ID No. 096-540-158 would provide the same coverage as Plaintiff's previous policy;

- By failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim with respect to which the insurer's liability has become reasonably clear;

- By failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; and

- By refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim.

- § 541.061. MISREPRESENTATION OF INSURANCE POLICY.

  - By making an untrue statement of material fact;

  - By failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

  - By making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

  - By failing to disclose a matter required by law to be disclosed.

- § 542.003. UNFAIR CLAIM SETTLEMENT PRACTICES PROHIBITED.

  - By knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

  - By failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

  - By failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

  - By not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

  - By compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder;

40. The above listed violations of the Texas Insurance Code proximately caused Plaintiff's injuries for which Plaintiff now seeks to recover.

## COUNT 7 – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

41. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs above as though fully set forth herein.

42. Plaintiff additionally brings a cause of action pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), which is codified at Tex. Bus. & Com. Code § 17.45 and applicable through Tex. Ins. Code § 541.151.

43. On February 22, 2022, Plaintiff sent notice of this action to all Defendants pursuant to Tex. Ins. Code § 541.154 and Tex. Bus. & Com. Code § 17.505. The date of filing for this motion is after the required dates mandated by Tex. Ins. Code § 541.154 and Tex. Bus. & Com. Code § 17.505 are thus satisfied.

44. Plaintiff was a consumer who sought and purchased an insurance policy from Defendant Golden Rule. Defendant's actions in dealing with the denial of Plaintiff's policy were unconscionable, specifically Defendant led Plaintiff to believe that the renewed policy would provide the same coverage, when in fact it did not.

45. Defendants violated Tex. Bus. & Com. Code § 17.46(b) in the following ways:

- causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
- representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;
- representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;
- advertising goods or services with intent not to sell them as advertised;

- representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;
- failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed

46. Plaintiff is entitled to recover attorney's fees incurred in the prosecution of this matter pursuant to Tex. Ins. Code § 541.152(1).

47. Defendant's unconscionable actions and statements are the actual and proximate cause of Plaintiff's damages. Upon information and belief, Defendant acted knowingly and/or intentionally though their misrepresentations to Plaintiff, for which Plaintiff seeks treble damages.

### COUNT 8: CIVIL CONSPIRACY

48. All preceding paragraphs are incorporated as if set forth fully herein.

49. Defendants collectively conspired to induce Mr. Brewer into believing that the renewed policy would provide the same coverage as his previous policy, when in fact it did not. Defendants and their employees collectively had a meeting of the minds regarding the above representation coupled with an intent to deny claims for Mr. Brewer's ongoing treatment. Defendants took overt and unlawful actions to further their collective objective. Defendants' conspiracy caused injury to the Plaintiff, for which he now seeks to recover.

## IX. EXEMPLARY DAMAGES

50. Defendant's actions were intentional, knowing and fraudulent, and involved such an extreme degree of risk and disregard for Plaintiff as to constitute malice resulting in injury and harm to Plaintiff. Defendant's acts and omissions as alleged in this Petition were willful. Plaintiff is entitled to damages, both past and future, and exemplary and punitive damages from Defendants.

51. Defendant acted in bad faith to the detriment of Plaintiff.

52. Furthermore, Plaintiff's injury resulted from Defendants' fraud and malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

53. Plaintiff requests that damages, punitive/exemplary damages, pre-judgment interest and costs of Court be awarded to Plaintiffs against Defendants.

## X. ATTORNEY'S FEES AND COSTS

54. As a result of the wrongful acts of Defendant and the misrepresentations of Defendant as set out herein, Plaintiff was required to retain the undersigned counsel to protect Plaintiff's interests and has agreed to pay reasonable and necessary attorney's fees and costs to said counsel. Plaintiff is entitled to recover reasonable attorney's fees and costs under her claim for breach of contract and the other causes of action that allow direct or indirect recovery of attorney's fees and costs.

## XI. JURY DEMAND

55. Plaintiff requests and demand a jury trial and the required fee is being tendered at the time of filing this petition.

## XIII. PRAYER

WHEREFORE, Plaintiff respectfully requests that, after a jury trial on the merits, the Court award Plaintiff the following relief:

1. Direct and consequential damages against Defendant;
2. Exemplary damages as a result of the intentional, malicious and culpable behavior of Defendant;
3. Statutory and special damages as set forth above;
4. A declaratory judgment;
5. Attorney's fees;

6. Prejudgment and post judgment interest where allowed by law and in the maximum amounts permitted by law; and

7. All other relief, at law or in equity, to which Plaintiff may otherwise be entitled.

Respectfully submitted,

**THE COBOS LAW FIRM**


By: *<u>/s/ Andrew J. Cobos</u>*
Andrew J. Cobos
Southern District Bar No. 1322524
State Bar No. 24078352
Nicholas Kacal
State Bar No. 24123106
Southern District Bar No. 3684331
711 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 234-5860
Facsimile: (713) 234-5860
andrew@cobos.law
nicholas@cobos.law

**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I hereby certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system, and all others will be notified via certified mail, return receipt requested, on May 27, 2022.

*<u>/s/ Andrew J. Cobos</u>*

Andrew J. Cobos