**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Michael Brewer,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **Golden Rule Insurance Company** | § | **Civil Action No. 4:22-cv-00969** |
| **and Tobias & Associates, Inc. d/b/a** | § | |
| **getmehealthcare** | § | |
| ***Defendants.*** | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT GOLDEN RULE INSURANCE COMPANY'S MOTION TO DISMISS**

COMES NOW, Plaintiff Michael Brewer, and files this Response to Defendant Golden Rule Insurance Company's Motion to Dismiss and would respectfully request this Court to deny Defendant Golden Rule Insurance Company's Motion to Dismiss for the following reasons:

## I. PROCEDURAL BACKGROUND

1. Defendant Golden Rule filed its Motion to Dismiss on May 10, 2022. Since that time, Plaintiff amended his complaint—following the mandatory 60-day notice period—to include claims against Golden Rule for violations of Texas Insurance Code §§ 541.051, 541.052, 541.060, 541.061, & 542.003 and violations of the Texas Deceptive Trade Practices Act (Tex. Bus. & Com. Code § 17.45). Defendant's Motion to Dismiss does not address those additional causes of action, and the dismissal of those additional claims are, as of now, not at issue before this Court.

## II. SUMMARY OF THE DISPUTE

2. This case concerns a company named "Golden Rule" whose actions, ironically, violate both the "golden rule" or ethics and the letter and spirit of the law.

3. Plaintiff Michael Brewer was diagnosed with testicular cancer and began receiving treatment in November of 2021. The term of Mr. Brewer's medical insurance policy through

Golden Rule Insurance Company was set to expire in December of 2021. Mr. Brewer contacted Christopher Davis of Tobias & Associates, Inc., the healthcare agent that assisted him with procuring his previous policy, to renew his coverage. Working on behalf of Golden Rule, Mr. Davis informed Mr. Brewer that his new policy would provide the same coverage and treatment of Mr. Brewer's condition. Shortly after this new policy went into effect, Mr. Brewer received a notice from Golden Rule Insurance Company stating that his cancer treatments would no longer be covered as Golden Rule had classified Mr. Brewer's cancer diagnosis as a "preexisting" condition.

4. Golden Rule denied coverage for Mr. Brewer's treatment even though this treatment was covered under his previous Golden Rule policy, despite the fact that Golden Rule was aware of the condition and treatment at the time of renewal, and despite the fact that Christopher Davis specifically informed Mr. Brewer that the renewed policy would provide the same coverage as the previous policy, prior to the submission of the relevant application. Mr. Brewer has made repeated attempts to resolve this matter, however, Golden Rule Insurance Company continues to deny coverage for Mr. Brewer's life-sustaining treatment.

## III. FACTS

5. Plaintiff Michael Brewer entered into an agreement with Defendant Golden Rule Insurance Company on June 10, 2021, which stated that Golden Rule would provide him with health insurance. Plaintiff's initial health insurance contract was brokered by Christopher Davis, who was an agent working for Defendant Tobias & Associates, Inc. on behalf of Golden Rule. The term of the contract was scheduled to expire in December 2021.

6. On July 1, 2021, Mr. Brewer attended a medical appointment with R. Robert Dirh, MD of HTX Urology to discuss a suspected UTI infection. Dr. Dirh prescribed Mr. Brewer anti-

biotics to treat the suspected infection. However, Plaintiff's symptoms continued to worsen necessitating an operation to remove his testicle on October 21, 2021.

7. Shortly after the operation, on November 3, 2021, Mr. Brewer received a notification from Christopher Davis of Tobias & Associates, Inc. d/b/a getmehealthcare informing him that the term of his current medical insurance policy was approaching and soliciting a renewal of Mr. Brewers benefits.

8. On November 15, 2021, Mr. Brewer received news from Dr. Dihr that his symptoms were being caused by testicular cancer. Dr. Dihr recommended an in-network doctor to consult regarding the cancer diagnosis. Mr. Brewer followed up with this recommended doctor, however, due to extended wait times related to COVID-19, Mr. Brewer was not able to schedule an appointment until after the new year. Mr. Brewer looked around for alternative cancer specialists in the area and decided to consult with Matthew T. Campbell, MD, of MD Anderson Cancer Center.

9. Mr. Brewer attended his scheduled appointment with Dr. Campbell on December 1, 2021, where he was immediately admitted for in-patient treatment. Mr. Brewer was informed by Golden Rule Insurance Company that his treatment would be covered under Golden Rule Policy ID No. 096-422-291.

10. While admitted to MD Anderson Cancer Center, the expiration date of the Golden Rule Policy ID No. 096-422-291 began to approach. To ensure that his life-sustaining treatment was continued, Mr. Brewer began the process of renewing his medical insurance policy. Mr. Brewer contacted Christopher Davis of Tobias & Associates, Inc. d/b/a getmehealthcare in December of 2021 to discuss the renewal of his insurance policy. During those discussions, Christopher Davis informed Mr. Brewer that a specific renewal option would allow Mr. Brewer to

obtain a new policy with the same coverage he enjoyed under Golden Rule Policy ID No. 096-422-291. Mr. Brewer submitted his application, and Golden Rule Insurance Company issued Golden Rule Policy ID No. 096-540-158 to Mr. Brewer on December 12, 2021.

11. Mr. Brewer continued to receive cancer related treatment from Dr. Campbell after the December 12, 2021 policy renewal. Claims for medical benefits related to this treatment were submitted to Golden Rule Insurance Company on behalf of Mr. Brewer. On January 25, 2022, Mr. Brewer received correspondence from Golden Rule Insurance Company stating that the expenses related to Mr. Brewer's cancer treatment would not be covered under Golden Rule Policy ID No. 096-540-158 as Golden Rule considered the condition(s) related to this treatment to be "preexisting as defined by your plan's coverage under ID Number 096-540-158, since they were incurred prior to the effective date of this plan."

12. Golden Rule Insurance Company denied coverage for Mr. Brewer's treatment despite the fact that such treatment was covered under his previous policy: Golden Rule Policy ID No. 096-422-291, despite the fact that Golden Rule Insurance Company was aware of the condition and treatment at the time of renewal, and despite the fact that Christopher Davis specifically informed Mr. Brewer that Golden Rule Policy ID No. 096-540-158 would provide the same coverage as Golden Rule Policy ID No. 096-422-291 prior to the submission of the relevant application. Mr. Brewer has made repeated attempts to resolve this matter, however, Golden Rule Insurance Company continues to deny coverage for Mr. Brewer's life-sustaining treatment.

13. Christopher Davis of Tobias & Associates, Inc. d/b/a getmehealthcare's services were engaged for the purpose of clarifying such issues and assisting Mr. Brewer selecting and applying for a medical insurance policy through Golden Rule Insurance Company. Mr. Brewer was in fact advised and counseled that that Golden Rule Policy ID No. 096-540-158 would provide

the same coverage as Golden Rule Policy ID No. 096-422-291. Christopher Davis' actions in soliciting and processing sale of the insurance policy for Golden Rule Insurance Company establish an agency relationship whereby Christopher Davis and Tobias & Associates, Inc. d/b/a getmehealthcare were agents with apparent authority to act on behalf of Golden Rule Insurance Company. Christopher Davis and Tobias & Associates, Inc. d/b/a getmehealthcare, as agent of Golden Rule Insurance Company, misled Mr. Brewer into believing that he had obtained a renewal of his medical insurance, which would provide the same coverage as his previous policy, when in fact it did not.

## IV. ARGUMENTS AND AUTHORITIES

14. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id*. At 555. "We do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. At 570.

15. To survive a motion to dismiss under Rule 12(b)(6), a claimant must have pled "enough facts to state a claim to relief that is plausible on its face." *In re Plains All Am. Pipeline, L.P. Sec. Litig*., 307 F. Supp. 3d 583, 612 (S.D. Tex. 2018) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has facial plausibility when the claimant pleads facts that allow the court to draw a reasonable inference that the movant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff

satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct." *Id* At 678-79.

16. When faced with a motion for judgment on the pleadings or to dismiss, a court takes as true all well-pled factual allegations and makes all possible inferences in the nonmovant's favor. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion." *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

### A. <u>Plaintiff has Pled a Plausible Cause of Action for Breach of Contract</u>

17. Defendant Golden Rule incorrectly argues that Plaintiff has failed to state a claim for breach of contract.

18. To state a claim for breach of contract, Plaintiff must allege the following elements: (1) a valid contract existed between the plaintiff and the defendant; (2) the plaintiff tendered performance or was excused from doing so; (3) the defendant breached the terms of the contract; and (4) the plaintiff sustained damages as a result of the defendant's breach. *See, e.g., West v. Triple B Services, LLP*, 264 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

19. Defendant Golden Rule Insurance Company entered into a contract with Mr. Brewer for Golden Rule Policy ID No. 096-540-158 (the "Agreement") and breached this contract by unilaterally denying Plaintiff's claims on the policy without reasonable justification despite Plaintiff's full and timely payment of all required premiums. [Doc. 1, ¶ 27.] Defendant Golden Rule Insurance Company's breach of the Agreement caused Plaintiff to incur medical expenses which should have been paid by Defendant pursuant to the Agreement. [Doc. 1, ¶ 25.]

20. Defendant incorrectly states that Plaintiff has admitted that the claims under Golden Rule Policy ID No. 096-540-158 are barred by the terms of the Agreement—Plaintiff has not admitted and currently denies that his claims are barred. In fact, Plaintiff states in paragraph 19 of Plaintiff's Original Complaint that, "Golden Rule Insurance Company denied coverage for Mr. Brewer's treatment despite the fact that such treatment was covered under his previous policy: Golden Rule Policy ID No. 096-422-291, despite the fact that Golden Rule Insurance Company was aware of the condition and treatment at the time of renewal, and despite the fact that Christopher Davis specifically informed Mr. Brewer that Golden Rule Policy ID No. 096-540-158 would provide the same coverage as Golden Rule Policy ID No. 096-422-291 prior to the submission of the relevant application." [Doc. 1, ¶ 19.]

21. The conditions under which Plaintiff entered into Golden Rule Policy ID No. 096-540-158 coupled with the extremely one-sided terms of Golden Rule Policy ID No. 096-540-158 shows that the policy's pre-existing condition exclusion was unconscionable at the time it was made and this Court should refuse to enforce that provision as a matter of law, equity, and public policy.

22. "Unconscionability can be premised on either of two types of conduct: (1) taking advantage of the lack of knowledge, ability, experience, or capacity of a person to a grossly unfair degree; or (2) an act or practice resulting in a gross disparity between the value received and consideration paid in a transaction involving transfer of consideration." *Bay Colony, Ltd. v. Trendmaker, Inc.*, 121 F.3d 998, 1005 (5th Cir. 1997) (citing Tex. Bus. & Com. Code § 17.45(5)). To prove unconscionable conduct, Plaintiff needs to show that an insurer took advantage of an insured's lack of knowledge, ability, experience or capacity to a grossly unfair degree. *See United Servs. Auto. Ass'n v. Croft*, 175 S.W.3d 457, 472 (Tex. App. 2005); *see also* TEX. BUS. & COM.

CODE ANN. § 17.45(5). If the substantively unconscionable provisions do not constitute the agreement's main purpose, courts may sever an illegal or an unenforceable provision and enforce the remainder of the agreement. *Hoover Slovacek L.L.P. v. Walton*, 206 S.W.3d 557, 565 (Tex. 2006); *Rogers v. Wolfson*, 763 S.W.2d 922, 925 (Tex.App.—Dallas 1989, writ denied).

23. Here, Defendant Golden Rule Insurance Company did not live up to its namesake. Defendant solicited a new medical insurance policy from Plaintiff, as opposed to a renewal of his policy, with knowledge of Plaintiff's cancer diagnosis and need for life sustaining treatment. [Doc. 1, ¶ 20.] Defendant knew that Plaintiff would require substantial medical care related to his cancer diagnosis during the term of Golden Rule Policy ID No. 096-540-158, represented that Plaintiff would receive the same coverage he enjoyed under Golden Rule Policy ID No. 096-422-291, failed to inform Plaintiff that Defendant intended to deny Plaintiff's claims for cancer related treatment under the new policy, yet aggressively sought Plaintiff's application for and processed sale of Golden Rule Policy ID No. 096-540-158 all while Plaintiff was under the acute mental stress of recently having undergone major surgery and receiving a cancer diagnosis. [Doc. 1, ¶ 20.] Defendant Golden Rule Insurance Company took advantage of Mr. Brewer's lack of knowledge regarding the applicability of the preexisting conditions provision and also took advantage of Mr. Brewer's mental capacity while undergoing treatment. Furthermore, Defendant's misrepresentation of the effect of the policy concerning claims for Mr. Brewer's cancer treatment constitutes an act and practice resulting in a gross disparity between the value received by Mr. Brewer and the consideration paid to Golden Rule Insurance Company.

24. Under these circumstances, Defendant Golden Rule Insurance Company's preexisting conditions provision was unconscionable when made and this Court should sever the

preexisting conditions provision and enforce the remainder of Golden Rule Policy ID No. 096-540-158, including Defendant's obligations therein.

25. Defendant Golden Rule Insurance Company entered a contract with Mr. Brewer for Golden Rule Policy ID No. 096-540-158 and breached this contract by unilaterally denying Plaintiff's claims on the policy without reasonable justification despite Plaintiff's full and timely payment of all required premiums. [Doc. 1, ¶ 27.] Defendant Golden Rule Insurance Company's breach of the Agreement caused Plaintiff to incur medical expenses which should have been paid by Defendant pursuant to the Agreement. [Doc. 1, ¶ 25.] As such, Plaintiff has pled a plausible cause of action for breach of contract and this Court should deny Defendant Golden Rule Insurance Company's Motion to Dismiss Plaintiff's Original Complaint

**B. Plaintiff has Pled a Plausible Cause of Action for Breach of the Duty of Good Faith and Fair Dealing**

26. Defendant Golden Rule incorrectly argues that Plaintiff has failed to state a claim for breach of the duty of good faith and fair dealing.

27. An insurance company's liability for bad-faith—also known as a breach of the duty of good faith and fair dealing—arises from the contractual relationship between the insured and the insurer. *See Texas Mut. Ins. V. Ruttiger*, 381 S.W.3d 430, 446 (Tex.2012). Because the duty of good faith and fair dealing arises from, but is independent of, the insurance policy, causes of action for breach of contract and breach of the duty of good faith and fair dealing are separate and distinct actions. *See Union Bankers Ins. V. Shelton*, 889 S.W.2d 278, 283 (Tex.1994). To prove an action for bad faith, an insured must establish the insurer either (1) denied or delayed payment of the insured's claim when liability was reasonably clear or (2) cancelled a policy without a reasonable basis for doing so. *See State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex.1998).

28. Plaintiff Michael Brewer was the owner and beneficiary under an insurance contract sold by Defendant Golden Rule, which gave rise to a duty of good faith and fair dealing. [Doc. 1, ¶ 23.] Golden Rule and its employees/agents breached its duties by denying Plaintiff's claims when Golden Rule knew or should have known that there was no reasonable basis for denying the claim. [Doc. 1, ¶ 23.]

29. Defendant Golden Rule breached its duties by not honoring the representations made by its agent, Christopher Davis of Tobias & Associates, Inc. d/b/a getmehealthcare during the application process. Defendant Golden Rule Insurance Company represented that Golden Rule Policy ID No. 096-540-158 would provide the same coverage under the policy for which Mr. Brewer was receiving cancer treatment, took advantage of Mr. Brewer's lack of knowledge regarding the applicability of the preexisting conditions provision, took advantage of Mr. Brewer's mental capacity while undergoing treatment, and aggressively solicited and processed sale of a policy for which it intended to deny Mr. Brewer's claims. Defendant knew that that Golden Rule Policy ID No. 096-540-158's preexisting conditions provision was unconscionable when made and knew there was no reasonable basis for denying Mr. Brewer's claims. [Doc. 1, ¶¶ 2, 19-20.]

30. The breach of duty by Defendant Golden Rule proximately caused injury to Plaintiff who is the intended beneficiary under the policy. As such, Plaintiff has pled a plausible cause of action for breach of the duty of good faith and fair dealing and this Court should deny Defendant Golden Rule Insurance Company's Motion to Dismiss Plaintiff's Original Complaint

### C. <u>Plaintiff has Pled a Plausible Cause of Action for Promissory Estoppel</u>

31. Defendant Golden Rule incorrectly argues that Plaintiff has failed to state a claim for promissory estoppel.

32. The elements of promissory estoppel are: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). Plaintiff has pled sufficient facts to show that Defendant Golden Rule Insurance Company made a promise to Plaintiff on which Defendant could reasonably foresee that Plaintiff would rely, and that Plaintiff did in fact rely on said promise to his detriment.

33. Christopher Davis, as agent of Defendant Golden Rule Insurance Company, made a promise that Mr. Brewer's new insurance policy would provide the same coverage as the policy under which Golden Rule had previously processed and paid for claims stemming from Mr. Brewer's cancer treatment. [Doc. 1, ¶ 20.] The circumstances regarding Mr. Brewer's medical condition, coupled with Defendant's actions in misrepresenting the effect of the policy, show that Defendant Golden Rule could reasonably foresee Mr. Brewer's reliance upon Mr. Davis' promise. [Doc. 1, ¶ 30.] Mr. Brewer did in fact rely upon this promise by Defendant's agent in applying for and paying premiums on Golden Rule Policy ID No. 096-540-158 and Mr. Brewer's reliance on Defendant's promise resulted in a denial of claims submitted by Mr. Brewer. [Doc. 1, ¶ 19-20.]

34. Considering these facts his Court should sever Golden Rule Policy ID No. 096-540-158's preexisting conditions provision and, under a theory of promissory estoppel, enforce Defendant Golden Rule Insurance Company's promise that Golden Rule Policy ID No. 096-540-158 would provide the same coverage as the policy under which Golden Rule had previously processed and paid for claims stemming from Mr. Brewer's cancer treatment. As such, Plaintiff has pled a plausible cause of action for promissory estoppel and this Court should deny Defendant Golden Rule Insurance Company's Motion to Dismiss Plaintiff's Original Complaint.

## D. **Plaintiff has Pled a Plausible Cause of Action for Common Law Fraud.**

35. Defendant Golden Rule incorrectly argues that Plaintiff has failed to state a claim for common law fraud because Plaintiff cannot show justifiable reliance.

36. Both common law fraud and negligent misrepresentation require a showing of actual and justifiable reliance. *Blankinship v. Brown*, 399 S.W.3d 303, 308 (Tex. App. 2013) (citing *AKB Hendrick, LP v. Musgrave Enters., Inc.*, 380 S.W.3d 221, 238 (Tex. App.—Dallas 2012, no pet.). Likewise, reliance is a necessary element of fraud by nondisclosure. *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997) (holding fraud by nondisclosure is a subcategory of fraud and because reliance is an element of fraud, it is likewise an element of fraud by nondisclosure).

37. In order to plead justifiable reliance, a plaintiff must allege that he (1) actually relied on the information; and (2) the reliance was reasonable. *Janvey v. Willis of Colo., Inc.*, Civil Action No. 3:13-CV-3980-N, 2014 U.S. Dist. LEXIS 183344, at *40 (N.D. Tex. Dec. 5, 2014) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 501—02 (5th Cir. 2000)). Plaintiff has pled that he applied for and purchased Golden Rule Policy ID No. 096-540-1580, which is sufficient to show that he actually relied on Defendants promise that that Mr. Brewer's new insurance policy would provide the same coverage as the policy under which Golden Rule had previously processed and paid for claims stemming from Mr. Brewer's cancer treatment. [Doc. 1, ¶¶ 19-20.] Plaintiff's actual reliance in such circumstances is reasonable. *See Janvey v. Willis of Colo., Inc.,* Civil Action No. 3:13-CV-3980-N, 2014 U.S. Dist. LEXIS 183344, at *40 (N.D. Tex. Dec. 5, 2014) (finding sufficient allegations to support reasonable reliance in light of a written insurance policy where a defendant wrongly assumed plaintiff maintained the same familiarity and comfort with insurance jargon as does an industry insider.)

38. As such, Plaintiff has pled a plausible cause of action for common law fraud and this Court should deny Defendant Golden Rule Insurance Company's Motion to Dismiss Plaintiff's Original Complaint.

**E. <u>Plaintiff has Pled a Plausible Cause of Action for Fraud by Nondisclosure.</u>**

39. Defendant Golden Rule incorrectly argues that Plaintiff has failed to state a claim for fraud by nondisclosure because Plaintiff cannot show justifiable reliance.

40. In measuring justifiability, Texas courts inquire whether, "given a fraud plaintiff's individual characteristics, abilities, and appreciation of facts and circumstances at or before the time of the alleged fraud, it is extremely unlikely that there is actual reliance on the plaintiff's part." *Ward Family Found. v. Arnette* (In re Arnette), 454 B.R. 663, 687 (Bankr. N.D. Tex. 2011) (citing *Haralson v. E.F. Hutton Grp., Inc*., 919 F.2d 1014, 1026 (5th Cir.1990).

41. Here, Plaintiff's physical and mental condition was altered during his cancer treatment and his appreciation of the facts and circumstances regarding Golden Rule Policy ID No. 096-540-158's preexisting conditions provision shows that he justifiably relied on the misrepresentation(s) of Defendant. *See Ward Family Found. v. Arnette* (In re Arnette), 454 B.R. 663, 687-88 (Bankr. N.D. Tex. 2011) (finding that the plaintiff was justified in its reliance where Defendant lied to his potential investors and then, when the lies were discovered, "cried foul because they should have known better than to trust him.")

42. As such, Plaintiff has pled a plausible cause of action for fraud by nondisclosure and this Court should deny Defendant Golden Rule Insurance Company's Motion to Dismiss Plaintiff's Original Complaint.

**F. <u>Plaintiff has Pled a Plausible Cause of Action for Negligent Misrepresentation.</u>**

43. Defendant Golden Rule incorrectly argues that Plaintiff has failed to state a claim for negligent misrepresentation because Plaintiff cannot show justifiable reliance.

44. Under Texas law, a party claiming negligent misrepresentation must allege that: (1) the defendant made a representation in the course of his business, or in a transaction in which it had a pecuniary interest; (2) the defendant supplied false information to guide others in their business; (3) the defendant failed to exercise reasonable care in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss due to justifiable reliance on the information. *See GE Capital Corp. v. Posey*, 415 F.3d 391, 395-96 (5th Cir. 2005). Justifiable reliance ordinarily presents a question of fact for the jury to decide. *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 497 (Tex. 2019).

45. Plaintiff has pled facts in his Original Petition showing Christopher Davis represented to Plaintiff that Golden Rule Policy ID No. 096-540-158 would provide the same coverage as the policy under which Golden Rule had previously processed and paid for claims stemming from his cancer treatment. [Doc. 1, ¶ 20.] As such, Defendant misrepresented the exclusions related to its insurance coverage and has denied payment for such claims. [Doc. 1, ¶ 2.]

46. Courts have found that similar allegations provide a reasonable basis for recovery under Texas law. *See Hernden v. State Farm Lloyds*, No. SA-05-CA-1103-RF, 2006 U.S. Dist. LEXIS 16190, 2006 WL 870663, at *3 (W.D. Tex. Mar. 2, 2006) (finding that the insurance agent's representation that the plaintiffs were buying "100% mold coverage" alleged a reasonable basis of recovery); *Kiw v. Zurich Am. Ins. Co.*, No. Civ. A. H-05-3240, 2005 U.S. Dist. LEXIS 3873, 2005 WL 3434977, *3-4 (S.D. Tex. Dec. 14, 2005) (finding that the plaintiff's "minimal" factual allegations that the defendant "represented and warranted that the policy provided benefits and

coverage for losses [of the type caused by hurricanes] provided a reasonable basis for recovery under a misrepresentation theory); *Edwea, Inc. v. Allstate Ins. Co.*, No. H-10-2970, 2010 U.S. Dist. LEXIS 129582, 2010 WL 5099607, at *10 (rejecting a duty-to-read defense to an affirmative misrepresentation claim); *Chaudhary v. Arthur J. Gallagher & Co.*, No. H-18-2179, 2021 U.S. Dist. LEXIS 146707, at *19 (S.D. Tex. Aug. 5, 2021) (finding that plaintiff adequately pleaded justifiable reliance in light of a duty-to-read defense). As such, Plaintiff has pled a plausible cause of action for negligent misrepresentation and this Court should deny Defendant Golden Rule Insurance Company's Motion to Dismiss Plaintiff's Original Complaint.

## XIII. PRAYER

WHEREFORE, Plaintiff respectfully request this Court to deny Defendant Golden Rule Insurance Company's Motion to Dismiss Plaintiff's Original Complaint, or in the alternative, permit Plaintiff to make amendments to such claims, and requests all other relief, at law or in equity, to which Plaintiff may otherwise be entitled.

Respectfully submitted,

**THE COBOS LAW FIRM**

By: */s/ Andrew J. Cobos*
Andrew J. Cobos
Southern District Bar No. 1322524
State Bar No. 24078352
Nicholas Kacal
State Bar No. 24123106
Southern District Bar No. 3684331
711 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 234-5860
Facsimile: (713) 234-5860
andrew@cobos.law
nicholas@cobos.law

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system, and all others will be notified via certified mail, return receipt requested, on May 27, 2022.

*/s/ Andrew J. Cobos*

Andrew J. Cobos