IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL BREWER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | C.A. No. 4:22-cv-00969 |
| GOLDEN RULE INSURANCE COMPANY, and TOBIAS & ASSOCIATES, INC. d/b/a GETMEHEALTHCARE, | § | |
| | § | |
| Defendants. | § | |

**ANSWER OF DEFENDANT GOLDEN RULE INSURANCE COMPANY**

Defendant Golden Rule Insurance Company ("GRIC") files its answer to Plaintiff's First Amended Complaint (the "FAC"), and states:

## I. ANSWER

1. With respect to the allegations contained in Paragraph no. 1, states that GRIC issued certificate no. 086-422-291 (the "First Certificate") to Michael Brewer ("Plaintiff") and that, the First Certificate became effective June 10, 2021 for injuries, and June 15, 2021 for illness; admits, on information and belief, that Plaintiff was diagnosed with and began treatment for cancer in November 2021; admits that GRIC properly processed and adjudicated all claims under the First Certificate; and denies the remaining allegations contained therein.

2. With respect to the allegations contained in Paragraph no. 2, admits the First Certificate expired by its terms at 12:01 a.m. on December 11, 2021; states that Plaintiff applied for and GRIC issued certificate no. 096-540-158 (the "Second Certificate") and

that, the Second Certificate became effective on December 12, 2021; states that the Second Certificate speaks for itself; admits the pre-existing condition exclusion of the Second Certificate applied to Plaintiff's previously diagnosed cancer; and denies the remaining allegations contained therein.

3. With respect to the allegations contained in Paragraph no. 3, states the Second Certificate speaks for itself; admits no benefits are payable thereunder for Plaintiff's pre-existing cancer; and denies the remaining allegations contained therein.

4. Admits, on information and belief, the allegations contained in Paragraph no. 4.

5. With respect to the allegations contained in Paragraph no. 5, states that GRIC is an Indiana corporation with its principal place of business in Indianapolis, Indiana; admits that GRIC has been served with process and appeared herein; and denies the remaining allegations contained therein.

6. Admits, on information and belief, the allegations contained in Paragraph no. 6.

7. Admits the allegations contained in Paragraph no. 7.

8. With respect to the allegations contained in Paragraph no. 8, admits that this Court has specific jurisdiction over GRIC; and denies the remaining allegations contained therein.

9. Admits, on information and belief, the allegations contained in Paragraph no. 9.

10. Admits the allegations contained in Paragraph no. 10.

11. Admits the allegations contained in Paragraph no. 11 but denies that Plaintiff is entitled to any relief herein.

12. Denies the allegations contained in Paragraph no. 12.

13. With respect to the allegations contained in Paragraph no. 13, states that, effective June 10, 2021 for injuries, and June 15, 2021 for illness, GRIC issued the First Certificate to Plaintiff; states that Christopher Davis was the independent agent who solicited the application for the First Certificate; states, on information and belief, that Christopher Davis was an employee of Tobias and Associates, Inc.; states that the First Certificate expired by its terms at 12:01 a.m. on December 11, 2021; and denies the remaining allegations contained therein.

14. With respect to the allegations contained in Paragraph no. 14, states the medical records speak for themselves.

15. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph no. 15.

16. With respect to the allegations contained in Paragraph no. 16, admits that the cancer was diagnosed prior to the effective date of the Second Certificate; states that the medical records speak for themselves; and states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

17. With respect to the allegations contained in Paragraph no. 17, admits, on information and belief, that Plaintiff attended an appointment with Dr. Campbell on December 1, 2021, and was admitted for inpatient treatment the same day; and denies the remaining allegations contained therein.

18. With respect to the allegations contained in Paragraph no. 18, admits, on information and belief, that Plaintiff was admitted to MD Anderson Cancer Center prior to termination of the First Certificate; admits that Plaintiff applied for and GRIC issued the Second Certificate, effective December 12, 2021; states the Second Certificate speaks for itself; and denies the remaining allegations contained therein.

19. With respect to the allegations contained in Paragraph no. 19, states the medical records speak for themselves; admits that the claims for cancer treatment are not covered under the Second Certificate and that Plaintiff's cancer is a pre-existing condition as defined by the Second Certificate; states that GRIC's correspondence speaks for itself; and denies the remaining allegations contained therein.

20. With respect to the allegations contained in Paragraph no. 20, admits that cancer claims submitted under the Second Certificate were denied pursuant to the pre-existing condition exclusion therein; states that no benefits are payable under the Second Certificate for such claims; and denies the remaining allegations contained therein.

21. Denies the allegations contained in Paragraph no. 21.

22. With respect to the allegations contained in Paragraph no. 22, GRIC incorporates its previous answers as though set forth in full herein.

23. With respect to the allegations contained in Paragraph no. 23, states that, to the extent the paragraph sets forth legal conclusions, no response is required; denies that GRIC breached any duty to Plaintiff; and denies the remaining allegations contained therein.

24. With respect to the allegations contained in Paragraph no. 24, states that, to the extent the paragraph sets forth legal conclusions, no response is required; denies that GRIC breached any duty to Plaintiff; and denies the remaining allegations contained therein

25. Denies the allegations contained in Paragraph no. 25.

26. Denies the allegations contained in Paragraph no. 26.

27. With respect to the allegations contained in Paragraph no. 27, GRIC incorporates its previous answers as though set forth in full herein.

28. Denies the allegations contained in Paragraph no. 28.

29. With respect to the allegations contained in Paragraph no. 29, GRIC incorporates its previous answers as though set forth in full herein.

30. With respect the allegations contained in Paragraph no. 30, admits that cancer claims submitted under the Second Certificate were denied pursuant to the pre-existing condition exclusion therein; states that no benefits are payable under the Second Certificate for such claim; admits that GRIC properly processed and adjudicated all claims under the First Certificate; and denies the remaining allegations contained therein.

31. Denies the allegations contained in Paragraph no. 31.

32. With respect to the allegations contained in Paragraph no. 32, denies that Plaintiff has suffered any damages or is entitled to any relief herein because of GRIC.

33. With respect to the allegations contained in Paragraph no. 33, GRIC incorporates its previous answers as though set forth in full herein.

34. Denies the allegations contained in Paragraph no. 34.

35. Denies the allegations contained in Paragraph no. 35; and states the Second Certificate speaks for itself.

36. With respect to the allegations contained in Paragraph no. 36, GRIC incorporates its previous answers as though set forth in full herein.

37. Denies the allegations contained in Paragraph no. 37.

38. With respect to the allegations contained in Paragraph no. 38, GRIC incorporates its previous answers as though set forth in full herein.

39. Denies the allegations contained in Paragraph no. 39.

40. Denies the allegations contained in Paragraph no. 40.

41. With respect to the allegations contained in Paragraph no. 41, GRIC incorporates its previous answers as though set forth in full herein.

42. With respect to the allegations contained in Paragraph no. 42, admits Plaintiff seeks damages under the DTPA; denies Plaintiff is entitled to any relief thereunder; and denies the remaining allegations contained therein.

43. Denies the allegations contained in Paragraph no. 43.

44. Denies the allegations contained in Paragraph no. 44.

45. Denies the allegations contained in Paragraph no. 45.

46. Denies the allegations contained in Paragraph no. 46.

47. Denies the allegations contained in Paragraph no. 47.

48. With respect to the allegations contained in Paragraph no. 48, GRIC incorporates its previous answers as though set forth in full herein.

49. Denies the allegations contained in Paragraph no. 49.

50. Denies the allegations contained in Paragraph no. 50.

51. Denies the allegations contained in Paragraph no. 51.

52. Denies the allegations contained in Paragraph no. 52.

53. Denies the allegations contained in Paragraph no. 53.

54. Denies the allegations contained in Paragraph no. 54.

55. With respect to the allegations contained in Paragraph no. 55, admits that Plaintiff has demanded a jury, but denies that Plaintiff is entitled to any relief herein or that factual issues exist that require resolution by a jury.

56. Denies the allegations in the prayer.

57. Denies all allegations not specifically admitted.

## II. AFFIRMATIVE DEFENSES

58. No benefits are payable under the Second Certificate inasmuch as the subject claims are excluded from coverage under the preexisting condition limitation contained therein.

59. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, ratification, and/or waiver.

60. Plaintiff's claims are barred, in whole or in part, by the doctrines of unjust enrichment and/or assumption of the risk.

61. Plaintiff has failed to satisfy all conditions precedent to filing suit.

62. Plaintiff's claims are barred, in whole or in part, under Tex. Civ. Prac. & Rem. Code § 33.001, as the percentage of responsibility of Plaintiff is greater than 50% for any damages Plaintiff seeks to recover in this suit.

63. Plaintiff's claims are barred, in whole or in part, by the doctrine of proportionate responsibility/comparative responsibility. Any recovery by Plaintiff must be reduced by a percentage equal to Plaintiff's percentage of responsibility or negligence in accordance with Tex. Civ. Prac. & Rem. Code § 33.012.

64. To the extent Plaintiff alleges that Tobias, by and through its agents, including Christopher Davis, made misrepresentations or omissions, or committed other misconduct which Plaintiff seeks to impute to GRIC, no agency relationship existed with respect to such misrepresentations or omissions, or misconduct, and it would therefore be outside any actual, implied, or apparent authority and thereby not imputed to or binding on GRIC, and made outside the scope of any agency relationship.

65. Every act or statement done or made by GRIC and its officers and employees was a good faith assertion of GRIC's rights and, therefore, was privileged and/or justified.

66. The assessment of punitive or exemplary damages violates the United States Constitution, due process rights under the Fifth and Fourteenth Amendments, and the prohibition against excessive fines.

67. Any award of punitive damages in favor of Plaintiff is limited by Tex. Civ. Prac. & Rem. Code Chapter 41.

## III. <u>PRAYER</u>

68. GRIC requests the following relief:

a. That Plaintiff take nothing by reason of his suit;

b. That GRIC be dismissed with its costs; and

c. That GRIC have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully Submitted,

By: Lance V. Clack
Andrew G. Jubinsky
Texas Bar No. 11043000
Fed. I.D. No. 8603
andy.jubinsky@figdav.com
**Attorney-in-Charge**

**Of Counsel:**
Lance V. Clack
Texas Bar No. 24040694
Fed. I.D. No. 37085
lance.clack@figdav.com
**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, TX 75202
(214) 939-2000
(214) 939-2090 (Fax)

ATTORNEYS FOR DEFENDANT
GOLDEN RULE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system, and all others will be notified via certified mail, return receipt requested, on June 15, 2022.

*/s/ Lance V. Clack*
Lance V. Clack